United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHLEEN DUNN,<br><br>   Plaintiff,<br><br>vs.<br><br>INFOSYS LIMITED, a foreign corporation; MICHAEL HENDRIX; MANJULA M.K.; GAURAV RASTOGI; JAY MISRA; SUNDEEP SINGH; and DOES 1-50,<br><br>   Defendants. | **Case No.: 12-CV-3561 YGR**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND** |

Plaintiff Kathleen Dunn ("Plaintiff") filed her complaint in the Superior Court for the State of California, County of Alameda on April 9, 2012, alleging the following claims against all named defendants: (1) Harassment and Failure to Prevent Harassment in Violation of California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §12940, *et. seq.*; (2) Constructive Discharge in Violation of FEHA based on sex and race; and (3) Intentional Infliction of Emotional Distress ("IIED").

Defendants Infosys Limited and Jay Misra ("Defendants") removed the suit to this Court pursuant to 28 U.S.C. § 1441, alleging the Court would have original jurisdiction under 28 U.S.C. §

1332(a) if not for the fraudulent joinder of Defendant Gaurav Rastogi. Plaintiff moves to remand pursuant to 28 U.S.C. § 1447(c) due to lack of subject matter jurisdiction.

Having carefully considered the papers submitted, the admissible evidence, and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Remand.[1]

## I. BACKGROUND

Plaintiff, a California citizen, originally filed this suit in the Alameda County Superior Court, alleging workplace discrimination against her on the basis of her sex, race, and national origin, in violation of FEHA. Plaintiff was employed by Defendant Infosys Limited, an Indian company, and worked at the company's Fremont office in the Learning Services group as a consultant. Her direct supervisors included Jay Hendrix ("Hendrix"), Manjula M.K., and Jay Misra ("Misra"), who all in turn reported to Guarav Rastogi ("Rastogi"). However, only Rastogi is a citizen of California.

In her Complaint, Plaintiff originally named the following Defendants:

(1) Infosys Limited, a citizen of India by virtue of being a corporation organized under the laws of India, with its headquarters in Bangalore, India;
(2) Hendrix and Misra, citizens of Texas;
(3) Sundeep Singh and Manjula M.K.[2], citizens of India;
(4) Doe defendants 1-50[3]; and
(5) Rastogi, a citizen of California.

The Complaint alleges harassment and constructive termination due to harassment. Plaintiff alleges that Hendrix attempted to prevent Plaintiff from engaging in meaningful work during

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **October 9, 2012**.

[2] Defendant Manjula M.K. has since been voluntarily dismissed by Plaintiff. (*See* Notice of Voluntary Dismissal, Dkt. No. 19.)

2

periods when she was without work, that Misra engaged in stalking behavior against female coworkers as they entered the parking lot, and that Indian project managers routinely engaged in "cube stalking" behavior by hovering over the workspaces of female employees. Plaintiff also alleges that Hendrix, Misra, and others intentionally scheduled meetings to conflict with her client meetings, and subjected her to humiliating statements in meetings, such as being told she was not being paid for her opinion and to "put [her] big girl panties on."

While the Complaint makes detailed and specific allegations about Hendrix, Misra, and Manjula M.K., the only allegations in the original Complaint specifically addressing Rastogi state that: (1) he was the head of the LERN group; and (2) he received complaints about harassment directed against Plaintiff. In her motion to remand, Plaintiff now contends that Rastogi aided and encouraged harassment by Hendrix and Misra against her in telephone calls, and offers a declaration by her co-worker, Jay Palmer, who states that he participated in these telephone calls where Rastogi referred to Plaintiff as "trash" and "bitch."

Defendants argue that Rastogi, the only party destroying diversity jurisdiction, is a fraudulently joined defendant, and that the Court should refuse to remand the case. Defendants argue that being the mere recipient of complaints of harassment is insufficient to establish individual liability, and thus the Complaint lacks allegations sufficient to state a plausible claim against Rastogi. Additionally, Defendants contend that the new facts and theories offered by the Plaintiff in her motion to remand, and particularly the Palmer Declaration, cannot be considered by the Court in determining whether Rastogi was fraudulently joined, and that the Court must limit inquiry to the face of the Complaint.

---

[3] It is proper to disregard Doe defendants in determining whether the court would have diversity jurisdiction. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

## II. STANDARD APPLICABLE TO THE MOTION

A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles. Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

A non-diverse party named in a complaint can be disregarded for purposes of determining whether original diversity jurisdiction exists if a district court determines that the party's inclusion in the action is a "sham" or "fraudulent." *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). A joinder of a defendant is fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.; see also United Computer Sys. v. AT & T Corp.,* 298 F.3d 756, 761 (9th Cir. 2002). The defendant must demonstrate that no possibility exists for the plaintiff to establish a cause of action in state court against the sham defendant. *See Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). In considering whether the defendant has done so, the Court must resolve all disputed

4

questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *See Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 807 (N.D.Cal. 1998).

By contrast, the decision on a motion for remand does not ordinarily look to whether defendants can propound valid affirmative defenses on the merits to Plaintiff's claims. *See Ritchey*, 139 F.3d at 1318-19 (noting the distinction between a plaintiff failing to state a claim and defendants being able to propound defenses to an otherwise valid cause of action); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1045 (9th Cir. 2009) (ordering remand because defendants' affirmative defense required "an inquiry into the merits of the plaintiff's claims against all defendants and an analysis of federal law," and thus it was not obvious that the plaintiff failed to state a claim against the sham defendant).

## III.   DISCUSSION

Plaintiff's original complaint names Rastogi as a defendant in her harassment, constructive discharge, and IIED claims.  The factual allegations in the Complaint are not sufficient to state a claim against Defendant Rastogi for any of these claims.

Under California law, individual supervisors are not liable for harassment under FEHA where they receive complaints but fail to prevent harassment. *See Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1326 (1997).  The duty to prevent harassment lies with the employer and supervisors cannot be held personally liable for the harassment they did not perpetrate. *Id.*  Because the Complaint only states that Rastogi received complaints of harassment, it does not state a claim of harassment against Rastogi that is plausible on its face.  Similarly, liability for constructive discharge can only be asserted against the employer, and thus Rastogi is not a proper defendant for the second claim. *See* Cal. Gov't Code § 12940(a).  Lastly, success on Plaintiff's IIED claim would require "extreme and outrageous conduct" by Rastogi. *See Trerice v. Blue Cross of Cal.,* 209 Cal.

App. 3d 878, 883-84 (1989).  Because the Complaint alleged only that Rastogi received complaints of harassment, rather than any sort of conduct by Rastogi, it does not state a plausible claim for IIED as to him.  Thus, the allegations of the Complaint, standing on their own, are not sufficient to establish a theory for his individual liability.

However, Plaintiff urges that fraudulent joinder claims may be resolved by "piercing the pleadings" and considering summary-judgment type evidence such as affidavits and deposition testimony.  Plaintiff now offers additional facts in her motion to remand against Rastogi which, she contends, support the FEHA harassment and IIED claims alleged.

In considering whether a defendant is fraudulently joined to avoid diversity jurisdiction, the Ninth Circuit has held that "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe,* 811 F.2d at 1339; *see also Ritchey*, 139 F.3d at 1318 ("[if] we had been required to look at facts outside of the complaint to decide [fraudulent joinder in *McCabe*], we would have done so . . .").  Additionally, the Ninth Circuit has found fraudulent joinder after looking at supplemental declarations by plaintiffs.  *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (noting that the plaintiff's own affidavit supported a finding that she had no plausible claim against a fraudulently joined defendant).

District courts in the Ninth Circuit have extended the principles in *Morris* to consider supporting supplemental materials by plaintiffs when deciding whether improper or fraudulent joinder has occurred.  *See, e.g.*, *Tessera, Inc. v. United Test & Assembly Ctr. Ltd.*, No. C 08-4795 CW, 2009 WL 35242, at *1-2 (N.D. Cal. Jan. 6, 2009) (ordering remand after considering facts in a declaration supporting a plaintiff's motion to remand); *Tofighbakhsh v. Wells Fargo & Co.*, 10-830 SC, 2010 WL 2486412, at *2-3 (N.D. Cal. June 16, 2010) (ordering remand after considering

supplemental declarations and exhibits by both plaintiff and defendants); *Piroozmehr v. Zale Delaware, Inc.*, No. CV 12-3121 CAS CWX, 2012 WL 1415418, at *1 (C.D. Cal. Apr. 24, 2012) (considering "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'").

Furthermore, courts in the Northern District have remanded cases where the Defendant could not demonstrate that under state law, the plaintiff would not have been given leave to amend to cure the pleading deficiency against the allegedly sham defendant. *See Burris v. AT&T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006); *Nickelberry v. DaimlerChrysler Corp.,* No. C-06-1002 MMC, 2006 WL 997391, *1-2 (N.D.Cal. April. 17, 2006). When the theory of a complaint is unclear or inartfully pleaded, the Court need not confine its focus to the claim explicitly brought against the alleged sham defendant**.** *See Alderman v. Pitney Bowes Mgmt. Services*, 191 F. Supp. 2d 1113, 1116 (N.D. Cal. 2002) (ordering remand after considering the plaintiff's supplemental briefs where the complaint named the non-diverse defendants only in an unfair business competition claim and not in the plaintiff's more meritorious FEHA claims).[4]

Considering the factual allegations in the Complaint, the Motion to Remand, and the Palmer Declaration, the Defendants cannot demonstrate that Plaintiff has no possibility of recovery under the FEHA and IIED claims alleged in the original Complaint against Rastogi. In her motion to remand and the supporting declaration, Plaintiff now offers that Rastogi repeatedly made negative comments about the Plaintiff in phone conversations with her co-workers and supervisors. (*See*

---

[4] Moreover, given that Plaintiff can properly be permitted to join other non-diverse defendants to defeat diversity jurisdiction even after removal, it follows that the Court should consider new allegations and valid causes of action against a non-diverse defendant offered by Plaintiff to support lack of jurisdiction. *See* 28 U.S.C. § 1447(e) (2006). As the Ninth Circuit noted in *Morris*, permissive joinder of a non-diverse defendant following removal to federal court divests the Court of subject matter jurisdiction. *See Morris,* 236 F.3d at 1068-69.

Palmer Decl. at 1.) Rastogi echoed negative comments by others, referred to the Plaintiff as "trash," "bitch," and as too "outspoken" without any basis other than animus. (*Id.*)

Plaintiff's first cause of action is for harassment based on race and gender. Supervisors and co-workers can be liable individually for harassment that they have perpetrated based on race, national origin, sex, gender, and age. *See* Cal. Gov't Code § 12940(j)(3) ("An employee . . . is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct . . ."); *Page v. Superior Court*, 31 Cal. App. 4th 1206, 1210-14 (1995). In order to recover for hostile work environment harassment, the Plaintiff must show that workplace conditions included "discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Nazir v. United Airlines, Inc.*, 178 Cal.App.4th 243, 263 (2009). Whether the conduct was severe or pervasive enough to create a hostile or abusive working environment depends on the totality of the circumstances, and is ordinarily a question of fact. *Rehmani v. Superior Court*, 204 Cal.App.4th 945, 951 (2012); *Nazir*, 178 Cal.App.4th at 264.

In her motion to remand, Plaintiff offers additional facts supporting her allegation that Rastogi harassed her. Defendants have not conclusively demonstrated that, under a totality of the circumstances, Rastogi's behavior could not have been sufficiently severe or pervasive as to constitute harassment. Resolving any ambiguities in favor of the Plaintiff, Defendants have not met their burden to show that the Plaintiff could not recover against Rastogi under California law.

Because the Defendants have not met their burden regarding Plaintiff's FEHA Harassment claim, the Court need not reach the question of whether the allegations against Rastogi are sufficient to state a plausible claim for IIED.

### IV. CONCLUSION

Because the Defendants have not met their burden to show fraudulent joinder of Gurav Rastogi, the Court hereby **GRANTS** the Motion to Remand.

**IT IS SO ORDERED**.

Date: October 5, 2012

                                       **YVONNE GONZALEZ ROGERS**
                                       **UNITED STATES DISTRICT COURT JUDGE**